IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    3:05cr91/LAC
                                                       3:07cv119/LAC/MD

VICTORIA DEWATER

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 94).  The government has filed a response (doc. 107) and the defendant has filed a reply  (doc. 111).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I.  BACKGROUND

Defendant and co-defendant Kent Dewater were charged in a four count indictment with conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine on a date certain, using and carrying a firearm in furtherance of a drug trafficking crime, and maintaining a place for the purpose of manufacturing, distributing and using methamphetamine.  Attorney Patrick Johnson was appointed to represent the defendant.

Defendant pleaded guilty pursuant to a standard written plea and cooperation agreement on December 1, 2005. (Doc. 28).   Through the terms of the agreement, defendant was advised that she faced a possible term of imprisonment of up to twenty years on counts one, two and four, and a mandatory minimum term of five years imprisonment on count three.  A separate "Factual Summary for Guilty Plea" was also signed by the defendant.  (Doc. 31).  The plea proceeding was unremarkable.  The co-defendants indicated that they understood their rights and the possible penalties they faced, that they had no questions about their written plea agreements, which contained all of the promises that had been made to them, and they were satisfied with their attorneys and the representation provided to them.  (Doc. 107, exh. B). The court accepted the guilty pleas, finding them to be voluntary, knowing and intelligent.

The PSR attributed 2,283 grams of methamphetamine to the defendant for a base offense level of 34.   (PSR ¶ 26).   She received a three level decrease pursuant to §2D1.1(a)(3), a two level decrease pursuant to  §3B1.2(b) due to her status as a minor participant, and a three level adjustment for acceptance of responsibility, yielding a total offense level of 26.  (PSR ¶¶ 28, 30, 33, 36).  She had a criminal history category of 1. The applicable advisory guidelines range for the controlled substance offenses was 63 to 78 months.  The mandatory minimum sentence of 60 months consecutive on count 3 would apply.

Counsel filed a written objection to the quantity of drugs attributed to the defendant, and probation officer included a response within the PSR.   At sentencing, counsel indicated that he had no objections that had not been satisfactorily addressed by probation, and urged the court to sentence the defendant at the low end of the 63-78 month guidelines range, or even lower.  (Doc. 107, exh. C at 3).  The court went well below that range and sentenced defendant to a term of 12 months imprisonment on counts one, two, and four to run concurrently with each other and a consecutive term of 60 months imprisonment on count three, for a total of 72 months imprisonment.  She did not appeal.

In the present motion, which was timely filed on March 7, 2007, defendant raises five grounds for relief.  The government opposes the motion in its entirety.

## II.  LEGAL ANALYSIS

The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice.").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter

[an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239.

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *United States v. Nyhuis,* 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981); *Hidalgo v. United States*, 138 Fed.Appx. 290 (11th Cir. 2005). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section

2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted).   To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Ground One: Ineffective assistance of counsel

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,* 494 F.3d 997, 1002  (11th Cir. 2007).  "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing  *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct

fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")).   Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n. 18.

    With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him."  *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).   A

significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Defendant's ineffective assistance of counsel argument is somewhat convoluted. She appears to claim that counsel should have negotiated a plea agreement that omitted some of the charges in the indictment, because otherwise she received no benefit from the plea agreement. In particular, she contends that the conspiracy charge should not have been included in the plea agreement because that charge allowed the relevant conduct of the defendant's husband and co-defendant to be used against her.

The government provided the defendant with its standard plea and cooperation agreement and no other, which allowed the defendant to plead guilty to the indictment or

proceed to trial.  Because this court is well aware that it is the long established policy of the United States Attorney for this district to not offer "plea bargains," counsel was not constitutionally ineffective for his failure to secure such an arrangement for the defendant.

Defendant also asserts that the weapon charge was unsupported, and that counsel should have secured the dismissal of that charge.   In fact, counsel attempted, albeit in an unorthodox manner, to get the court to have a "bench trial" on count three of the indictment to determine his client's guilt.  (Status conference transcript, doc. 93).  Counsel implied that this would require the court to find that the facts as set forth in the factual summary of plea were legally sufficient to sustain a conviction, while allowing his client to avoid admitting her guilt on this count, and while allowing her to still keep the benefit of the plea agreement as to the other charges, including her eligibility for a 5K1.  Counsel requested that the court to review the factual summary of the guilty plea and determine defendant's guilt of the gun charge from that lone document.  (Doc. 93 at 2).  The court declined to do this in the format suggested by defense counsel, finding that in an actual bench trial, it would have significantly more information before it.  It also noted  that while the factual summary of the plea might be sufficient to support a guilty plea, it was not alone sufficient to allow the court to reach a determination on guilt.  (Doc. 93 at 9).

The defendant ultimately entered a guilty plea to the factual summary, as written. The court found that the facts the government said it was prepared to prove that defendant had admitted under oath were true and were sufficient to support her guilty plea.  (Doc. 107, exh. B at 22-23).  It further found that her decision to enter a guilty plea was freely, voluntarily and understandably made with the advice and counsel of a competent attorney with whom she was well pleased.  (*Id.* at 23).

Defendant has not shown that counsel was constitutionally ineffective for failing to secure a dismissal of count three of the indictment.

<u>Ground Two: Involuntary Plea</u>

Defendant states that she has attached exhibits regarding her desire to withdraw her plea when the court would not allow her a bench hearing.  In fact, none of the exhibits

attached related to this issue.  In any event, defendant did not actually enter her guilty plea until <u>after</u> the court denied counsel's request for the "bench hearing," so she knew that she was entering a plea to all charges.  Therefore, her assertion about the timing of her request to withdraw her plea is not credible.

Defendant also claims that she did not understand that she would be facing a mandatory minimum term of five years imprisonment on the firearm charge.  The transcript of the plea colloquy flatly disproves her assertion.  (Doc. 107, exh. B at 14).  The United States Attorney stated:

> As to Count Three, there is a mandatory minimum term of five years imprisonment to be served consecutively to any other count, up to a maximum of life imprisonment.

(Doc. 107, exh. B at 14).  The court asked the defendant whether she understood that those were the possible penalties she faced, and she answered in the affirmative.  (Doc. 107, exh. B at 15).  The court also advised the defendant that her attorney could not tell her what the actual sentence would be, that this could only be determined after the preparation of a pre-sentence investigation report and the calculation of the advisory guidelines range, and she indicated that she understood.  (*Id.* at 16-17).  She was told that if the sentence turned out to be more or greater than what she was hoping for or expecting that she would not be able to withdraw her plea at that time.  (*Id.* at 17).  Defendant acknowledged her signature on the document and said that it contained all of the promises and agreements that she had with anyone with respect to her plea.  (*Id.* at 18-19).  Defendant indicated that having had all of her rights explained to her, she still wished to enter a plea of guilty, and when asked if she had any additional questions for the court declined to inquire further.  (*Id.* at 21, 22).

A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings.  *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea).

Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*; United States v. Medlock,* 12 F.3d 185, 187 (11th Cir. 1994)*.* They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629; *see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). Consequently, a defendant "bears a heavy burden to show his statements [under oath] were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *United States v. Reid*, 2007 WL 4190403 (11th Cir. 2007) (Table, text in WESTLAW); *United States v. Cardenas*, 230 Fed.Appx. 933 2007 WL 2119918 (11th Cir. 2007) (Table, text in WESTLAW). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986) (quoting *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)). In this case, the Rule 11 plea procedure was thorough and detailed. Defendant's assertion that she did not know she was subject to the five year mandatory minimum sentence on the firearm charge is contradicted by the record, as is her general assertion about the involuntariness of her plea. Therefore she is not entitled to relief.

<u>Ground Three: "wrongful" charge under 18 U.S.C. § 924(c)</u>

Defendant's third claim is, in essence, that there was no factual basis to support count 3 of the indictment. This claim, which was not raised on direct appeal, is procedurally barred. A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S.

614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). To the extent that defendant claims counsel was ineffective for failing to secure the defendant's acquittal on this charge, her claim is without merit, as discussed *supra*.

<u>Ground Four: Breach of Plea Agreement</u>

Defendant next contends that the government breached the plea agreement. It appears that her basis for this belief is that she did not receive a 5K1 motion.[1] Again, this issue, not having been raised on appeal, is procedurally barred. *Lynn; Bousley; supra.*

The decision to file a 5K1 motion is a matter of prosecutorial discretion. *United States v. Nealy,* 232 F.3d 825, 831 (11th Cir. 2000), *cert. denied,* 122 S.Ct. 552, 151 L.Ed.2d 428 (2001); *United States v. Orozco,* 160 F.3d 1309, 1315 (11th Cir. 1998); *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993). The government has a power, not a duty, to file such a motion when a defendant has substantially assisted. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). Even plea agreements that require the government *to consider* whether the aid to the prosecution

---

[1]Defendant also makes references yet again to the firearm charge that she asserts should not have been brought against her.

constitutes substantial assistance do not create a contractual duty to file a 5K1 motion. *Forney*, 9 F.3d at 1499-1500.  Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.  *Wade*, 504 U.S. at 185-86, 112 S.Ct. at 1843-44, 118 L.Ed.2d 524; *United States v. Dorsey*, 512 F.3d 1321, 1324 (11th Cir. 2008); *Nealy*, 232 F.3d at 831.  Defendant has not made such an allegation in this case. The Eleventh Circuit has held that refusing to file a 5K1.1 motion in retribution for the exercise of the Sixth Amendment right to a trial by jury is an unconstitutional motive under *Wade*. *Dorsey*, 2512 F.3d at 1325.  Defendant admitted under oath that the plea agreement contained all of the promises that had been made to her with respect to her case.  Her plea agreement did not "promise" or "guarantee" that such a motion would be filed, thus there was no breach of the agreement when one was not filed and she is not entitled to relief.

Ground Five: Quantity of Drugs attributed to defendant

Defendant's last claim is that the amount of drugs attributed to her over-represents her participation in the offense conduct.  Again, this issue was not raised on appeal and is procedurally barred.  *Lynn; Bousley; supra.*

Even if it were not procedurally barred, it is without merit.  The probation officer properly attributed to defendant the "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  See U.S.S.G. § 1B1.3; *United States v. Ryan,* 289 F.3d 1339, 1348 (11th Cir. 2002).  Furthermore, defendant's sentence was significantly below the sentencing guidelines range for the over 2,000 grams of methamphetamine attributed to her.  As noted above, her advisory guidelines range on the controlled substance offenses was 63 to 78 months, but she was sentenced to a term of only 12 months imprisonment on those charges.  Thus, although the court offered no explanation for the significant departure, her sentence was such that it was as if significantly fewer drugs had been attributed to her.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 94)  be DENIED.


At Pensacola, Florida, this 25th day of March, 2008.



/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).